## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DENNIS JANTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-2521 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Dennis Jantz initiated this suit to challenge Defendant Commissioner Michael J. Astrue's termination of his disability insurance benefits. Mr. Jantz was originally determined to be disabled pursuant to the Social Security Act beginning in January 1999. In 2004, the Social Security Administration undertook a period review of Mr. Jantz's disability, found medical improvement, and determined that his benefits should cease.

Mr. Jantz sought a hearing before an Administrative Law Judge (ALJ), who heard testimony and recieved evidence about Mr. Jantz's medical conditions. The ALJ found that Mr. Jantz's medical condition had "significantly improved" and approved the termination of benefits as of August 2005. Mr. Jantz's request for review by the Appeals Council was denied, rendering the ALJ's opinion the final decision on behalf of the

Commissioner, and so Mr. Jantz sought judicial review of the decision in this court.

The case was referred to a Magistrate Judge, who filed a Report and Recommendation (R&R) (doc. 18) recommending that this court affirm the Commissioner's decision. Mr. Jantz objects to that R&R (doc. 16). For the reasons discussed below, the R&R is adopted and the decision of the Commissioner is affirmed.

1.  **Standard of Review**

This court has limited review of the Commissioner's determination that plaintiff is not disabled within the meaning of the Social Security Act. *See Hamilton v. Secretary of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992). The court examines whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* But the court "neither reweighs the evidence nor substitutes its judgment for that of the Commissioner." *Id.*

The court reviews de novo those portions of the Magistrate Judge's R&R to which a written objection has been made. *See* D. Kan. Rule 72.1.4(b); Fed. R. Civ. P. 72(b). Those portions to which neither party objects are deemed admitted, and failure to object constitutes a waiver of any right to appeal. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004); *Johnson v. Barnhart*, 402 F. Supp. 2d 1280, 1282 (D. Kan. 2005). The court is afforded considerable discretion in determining

what reliance it may place upon the Magistrate Judge's recommendations and findings. *See Johnson*, 402 F. Supp. 2d at 1282. The Court may accept, reject, or modify the Magistrate Judge's disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Johnson*, 402 F. Supp. 2d at 1282.

**2.    Discussion**

Mr. Jantz objects to the R&R, arguing that the ALJ failed to accord proper weight to the opinion of his treating physician.

The Commissioner must accord "substantial weight to the testimony of a claimant's treating physician, unless good cause is shown to the contrary." *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). "[A] treating physician's opinion might be rejected if it is brief, conclusory, and unsupported by medical evidence," as long as the ALJ sets forth "specific, legitimate reasons" for such rejection. *Id.*

Dr. Daniel Severa, Mr. Jantz's treating physician, reported that Mr. Jantz suffered from pain, stiffness, and loss of range of motion in his neck and shoulders. He also noted a loss of grip strength that would limit Mr. Jantz's ability to lift and carry objects weighing more than ten pounds. And Dr. Severa opined that Mr. Jantz be limited to performing only sedentary work or less than a full range of light work, and work that did not require fine manipulation with his hands. The ALJ

> considered all medical opinions in this case, including the Medical Source Statement completed by Dr. Daniel Severa wherein he limited claimant to at best, sedentary work . . . . The undersigned has carefully considered this assessment, but finds that it is not supported by the physical and neurological examinations and diagnostic testing of record. It is also not

3

> supported by the lack of any consistent medical treatment for claimant and his demonstrated level of functioning during the period in question. Accordingly, this assessment of Dr. Severa is being given little weight.

(Doc. 6, Ex A-1, pp. 31-32).

In his opening brief, Mr. Jantz disputed the ALJ's reasoning, asserting that Dr. Severa's opinion was consistent with other physical and neurological examinations. As the Magistrate Judge noted, however, the record is replete with evidence that is inconsistent with Dr. Severa's opinion and that thus supports the ALJ's decision to afford that opinion little weight. Although Mr. Jantz has identified some places in the record that support Dr. Severa's opinion, it is not this court's responsibility to reweigh the evidence. *Langley*, 373 F.3d at 1118. And the mere possibility that the evidence could support two opposing views does not render the ALJ's decision erroneous so long as it is supported by substantial evidence. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Moreover, as the Magistrate Judge noted, Mr. Jantz did not challenge the ALJ's conclusion that Dr. Severa's opinion was not supported by "diagnostic testing of record," "the lack of any consistent medical treatment for claimant," or "his demonstrated level of functioning during the period in question."

Thus, this court agrees with the Magistrate Judge's conclusion that the ALJ's decision to discount Dr. Severa's opinion is supported by substantial evidence.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objections to the Report and Recommendation of U.S. Magistrate Judge (doc. 16) are overruled. The Report and Recommendation (doc. 14) is adopted, and the decision of the Commissioner is affirmed.

**IT IS SO ORDERED** this 8th day of January, 2010.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge